MICHAEL BAILEY
United States Attorney
District of Arizona

ANNE E. NELSON
Arizona State Bar No. 028069
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7760
E-Mail: Anne.Nelson@usdoj.gov
Attorney for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Bosco Collado,<br><br>                   Plaintiff,<br><br>          v.<br><br>Robert Gray,<br><br>                   Defendant. | Case No:<br><br><br>**NOTICE OF REMOVAL** |

The United States of America, on behalf of its agency, the United States Department of Justice, Federal Bureau of Prisons, and Robert Gray, in his official capacity only, by the undersigned Assistant United States Attorney for the District of Arizona, hereby give notice of removal of *Harry Bosco Collado v. Robert Gray*, No. 2019-cv-0000664, Gilbert Municipal Court, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1442 and 1446.  The basis of said removal is as follows:

1.      On October 31, 2019, Plaintiff Harry Bosco Collado filed an *ex parte* Petition for "Injunction Against Harassment" against Robert Gray.  Mr. Collado and Mr. Gray are employed as Correctional Officers with the Federal Bureau of Prisons at the Federal

Correctional Institution, in Phoenix, Arizona ("FCI Phoenix").  The Petition requested an injunction that, among other things, would prevent Mr. Gray from having direct or indirect contact of any kind with Mr. Collado at FCI Phoenix.  An "Injunction Against Harassment" was entered *ex parte* the same day.  *See* Petition for Injunction and Injunction Against Harassment attached as Exhibit A.  Plaintiff obtained an amended Order of Injunction on November 15, 2019, which removed a previous firearms restriction from the Order.  *See id.*

2.    According to the Petition, Plaintiff alleges an assault that occurred at FCI Phoenix on September 22, 2019.  The assault alleged in the Petition occurred at FCI Phoenix while both parties were on duty working as federal corrections officers.  The Bureau of Prisons is investigating the conduct that occurred on September 22, 2019, and has taken administrative action to reduce the interactions between these two men.  The relationship between the two corrections officers which led to the Petition and Injunction derived from their duties at FCI Phoenix.  (Declaration of Melissa Hess, attached as Exhibit B).

3.    The Injunction purports to prohibit Mr. Gray from "direct or indirect" contact with Plaintiff will working at FCI Phoenix.  *See* Exhibit A.  The Injunction would affect the ability of Mr. Gray to perform his official job duties as a corrections officer at FCI Phoenix.  The Injunction also would interfere with the daily operations of FCI Phoenix.  The prison setting is extremely volatile, and emergencies can arise at any time, in any area of the prisons.  In such situations, the Prison administration must be free to make work assignments that could require Officers Collado and Gray to have indirect, or even direct, contact with each other, in order to preserve the safe, secure and orderly operation of the institution.  *See* Declaration of Melissa Hess, attached as Exhibit B.

4.    This notice of removal is filed in accordance with 28 U.S.C. § 1442(a) in that Robert Gray is sued, at least in part, in his official capacity as an officer of the United States or an agency thereof for or relating to acts under color of such office.  Furthermore, the Injunction purports to regulate the FCI Phoenix workplace, and is, in effect, against or directed to the United States and the Bureau of Prisons   *See* 28 U.S.C. §§ 1442(a)(1), 2408; *Cook v.*

*Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir. 1985); *Lerner v. Sartori*, 1999 WL 730366 *2 (D. Ariz. 1999); *City of Las Cruces v. Baldonado*, 652 F.Supp. 138, 139 (D.N.M. 1986); *Andrejko v. Sanders*, 638 F. Supp. 449, 451 (M.D. Penn. 1986); *Bagwell v. Brannum*, 533 F.Supp. 362, 365 (N.D. Ga. 1982). (The United States does not represent Robert Gray in his individual capacity for acts unrelated to his federal employment).

5.    The Injunction violates the United States' sovereign immunity and the Supremacy Clause of the United States Constitution, Article VI, Clause 2, by ordering a federal officer to cease any direct or indirect contact of any kind with a co-worker at a federal corrections institution. *See, e.g., Figueroa v. Baca*, 2018 WL 2041383, at * 3 (C.D. Cal. 2018); *Ahmad v. Morley*, 2014 WL 2198251, *2-3 (N.D. Ill. 2014) (dismissing removed state court action for protective order against federal employee as the state court lacked jurisdiction to restrict employment by a federal employee or to improperly interfere with the operations of the federal government). State courts are precluded by the Supremacy Clause from enforcing orders that interfere with the performance of federal officers. *Id.*, *citing Denson v. United States*, 574 F.3d 1318, 1345-1346 (11th Cir. 2009); *see also Hendy v. Bello*, 555 Fed. Appx. 224, 225-26 (4th Cir. 2014); *Perkins v. Dennis*, 2017 WL 1194180, at * 2 (D. Md. Mar. 30, 2017).

6.    Management of prison operations and employees within the Bureau of Prisons are the subject of a comprehensive set of federal laws, federal regulations and policies and procedures promulgated thereunder. The relief sought by Plaintiff in this action with respect to the federal workplace is preempted by the workplace remedial schemes as established by and promulgated pursuant to federal law. *Lockheed Aircraft Corp. v. United* States, 460 U.S. 190, 193-94; *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991). Plaintiff's Petition could also be construed to allege tort claims, and the immunity provided by the Federal Tort Claims Act, 28 U.S.C. § 2679, also presents a colorable defense to the action. *Lerner*, 1999 WL 730366 *3n.6.

7.    Because application of federal law provides defenses to the relief requested by Plaintiff in this action, Defendant has colorable federal defenses to the action and removal is

proper pursuant to 28 U.S.C. § 1442(a)(1). *Mesa v. California*, 489 U.S. 121, 129-130 (1989); *Figueroa*, 2018 WL 2041383, * 2.

8.    Pursuant to 28 U.S.C. § 2408 no bond is required for removal of this action.

9.    On December 7, 2019, Mr. Gray was personally served the state court pleadings in this action.  The United States Attorney for the District of Arizona and the Attorney General have also not been served with a copy of the pleadings pursuant to Fed. R. Civ. P. 4.

10.    No hearing has been set for the Injunction Against Harassment.  Nor has a trial been set in this action.

11.    A copy of the Notice of Removal will be sent for filing with the Clerk of the Town of Gilbert Municipal Court, from which the action has been removed, pursuant to LRCivP 3.7(b), upon issuance of a District Court docket number.

12.    A true and complete copy of the Municipal Court record and accompanying verification are also being filed with this Notice pursuant to LRCiv P 3.7(b).

RESPECTFULLY SUBMITTED this 30th day of December, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Anne E. Nelson*
Anne E. Nelson
Assistant United States Attorney
*Attorney for the United States of America*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 30, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and deposited a copy in the U.S. Mail Postage Pre-Paid to the following:

Harry Bosco Collado
568 E. Nancy Ave.
San Tan Valley, AZ 85190
*Pro se Plaintiff*

*/s Anne E. Nelson*
United States Attorney's Office